UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CASE NO:

LAUREN BOYER, on behalf of herself
and all others similarly situated,

    Plaintiff(s),
v.

BLUEGRASS HOSPITALITY
GROUP, LLC,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

    Plaintiff, LAUREN BOYER ("Boyer" or "Plaintiff"), on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, BLUEGRASS HOSPITALITY GROUP, LLC ("BHG" or "Defendant"), for its failure to pay Servers and Bartenders federal minimum wages, as follows:

### INTRODUCTION

    1.    Plaintiff brings this Collective Action Complaint under the Fair Labor Standards Act ("FLSA"), on behalf of herself and all Servers and Bartenders who work or have worked at any Drake's restaurant in the United States owned and/or managed by Defendant, BHG, during the applicable statute of limitations. Defendant committed federal wage violations because it (1) failed to provide Servers and Bartenders with statutorily required tip credit notice; (2) compensated Servers and Bartenders at a sub-minimum wage for tipped employees notwithstanding that Servers and Bartenders are required to spend more than 20% of their workweek performing non-tipped

duties and side work and (3) attempts to claim a tip credit during shifts when Servers and Bartenders are required to spend more than 30 continuous minutes performing side work and non-tipped duties. As a result, Plaintiff and all similarly situated Servers and Bartenders have been denied federal minimum wages during various workweeks within the relevant time period.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Cookeville, Tennessee, over the age of 18 years, and otherwise *sui juris*.

3. Plaintiff and the **FLSA putative collective members** are/were restaurant Servers and Bartenders who worked for any Drake's restaurant owned and/or operated by Defendant in the United States within the last three (3) years.

4. Plaintiff worked for Defendant as a Server at the Drake's restaurant located at 1010 S. Walnut Street, Cookeville, Tennessee 38501, from in or around August 6, 2023, through the present.

5. The proposed collective members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, tipped Servers and/or Bartenders employed by Defendant and subject to the same practices and policies enforced by Defendant at all Drake's restaurants it owns and/or operates in the United States.

6. Plaintiff seeks certification of three (3) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Credit Notice Collective: All Servers and Bartenders who worked for Defendant at any Drake's restaurant in the United States during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.**

> **80/20 Collective:** All Servers and Bartenders who worked for Defendant at any Drake's restaurant in the United States during the previous three (3) years who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.
>
> **Substantial Side Work Collective:** All Servers and Bartenders who worked for Defendant at any Drake's restaurant in the United States on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

7. The precise size and identity of each collective should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of members in each collective exceeds 100 Servers and Bartenders.

8. During all times material hereto, Defendant was a Kentucky limited liability company operating and transacting business within Lexington, Kentucky, within the jurisdiction of this Honorable Court.

9. During all times material hereto, Defendant owned, operated, and controlled the Drake's restaurant located at 1010 S. Walnut Street in Cookeville, Tennessee 38501.

10. In addition to the Cookeville, Tennessee, location, within the past 3 years, Defendant has also owned, operated, and controlled approximately twenty-three (23) other Drake's restaurants located in Kentucky, Tennessee, Missouri, Indiana, Alabama, North Carolina, and Illinois.

11. Defendant was the "employer" of Plaintiff and all members of the putative Collectives as that term is defined by the FLSA during all times pertinent to the allegations herein.

12. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Drake's restaurant located 1010 S. Walnut Street in Cookeville, Tennessee 38501.

13. Defendant implements uniform pay, tip, and time-keeping practices at all Drake's restaurants in the United States that apply to all Servers and Bartenders and enforces these policies from its headquarters in Lexington, Kentucky.

14. Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant Servers and Bartenders.

## JURISDICTION AND VENUE

15. This action is brought under 29 U.S.C. § 216(b) to recover damages, reasonable attorney's fees and reimbursable costs from Defendant.

16. The acts and/or omissions giving rise to this dispute took place within Lexington, Kentucky, which falls within the jurisdiction of this Honorable Court.

17. Defendant regularly transacts business and is headquartered at 866 Malabu Drive, Suite 250, in Lexington, Kentucky 40502, where it developed, implemented, and enforced the unlawful policies and practices alleged herein, and jurisdiction is therefore proper.

18. Venue is also proper within Lexington, Kentucky.

## FLSA COVERAGE

19. Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

20. During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots,

4

peas, oil, zucchini, chicken wings, fish, salmon, onions, peppers, shrimp, beef, steak, potatoes, bread, hot sauce, BBQ sauce, buns, jalapenos, celery sticks, tuna, plum tomatoes, cauliflower, taco shells, fajitas, salt, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, flour, sugar, coffee, tea, soda, water bottles, and other goods and materials that had previously travelled through interstate commerce.

21. Defendant had gross annual revenue in excess of $500,000.00 in 2021, 2022, 2023, and is expected to have gross annual revenue in excess of $500,000.00 in 2023.

### DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT TO SERVERS AND BARTENDERS

22. Defendant attempts to credit a portion of the tips earned by Servers and Bartenders toward its federal minimum wage obligations, and, consequently, it compensates Servers and Bartenders in the United States at an hourly rate below the applicable federal minimum wage.

23. However, Defendant fails to provide its Servers and Bartenders with sufficient notice of the tip credit under federal law.

24. During Plaintiff's employment period, Defendant did not: (1) provide the full statutorily required tip notice under federal law; or (2) track the time that Servers and Bartenders spent performing side work and non-tipped duties.

25. Plaintiff and the *Nationwide Tip Credit Notice Collective* members are entitled to recover at least the federal minimum wage for each hour spent performing work for Defendant within the past 3 years.

### DEFENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS AND BARTENDERS TO SPEND MORE THAN 20% OF THE WORKWEEK PERFORMING NON-TIPPED DUTIES AND SIDE WORK

26. Federal law prohibits employers from taking a tip credit when an employee performs tip supporting work (hereafter "side work") and non-tip generating duties for more than 20% of their workweek. *See Rafferty v. Denny's Inc.*, 13 F4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant Servers and Bartenders spend more than 20% of any respective workweek on non-tip generating duties and side work, they must be paid the full minimum wage, as opposed to the reduced minimum wage for tipped employees.[1] *Id.*

27. Defendant claimed a tip credit for all of Plaintiff's work, including during workweeks in which Plaintiff spent more than 20% of her time on non-tip producing duties and side work.

28. Upon information and belief, Defendant compensated Servers and Bartenders at the reduced wage of $2.13 per hour for their first forty (40) hours of work performed in each of the past 3 years.

29. During their employment period with the Defendant, Plaintiff and members of the putative collectives of Servers and Bartenders were assigned both "opening" shifts and "closing" shifts.

30. Prior to opening the restaurant, for period of approximately 45 continuous minutes – Defendant claimed a tip credit for Plaintiff and all other Servers and Bartenders but required them to set up the restaurant, clean and prepare tables, organize their respective sections, prepare glassware, cut lemons and limes, restock items, refill containers, brew tea, refill condiments, refill napkins, open server stations, sweep floors, etc. During this set-up time, the restaurant was not open to the public and Servers and Bartenders could not earn tips.

---

[1] The maximum tip credit permissible under federal law is $5.12 cents. However, as stated above, an employer cannot claim a tip credit if its employee spends more than 20% of any respective workweek performing non-tip producing duties.

31. When working the "closing" shift, Plaintiff and all other similarly situated Servers and Bartenders are required to remain at the restaurant after the kitchen is closed and all customers have left for approximately 1 hour.

32. During closing shifts, Defendant attempted to claim a tip credit for Plaintiff and every other Server and Bartender but required all Servers and Bartenders to perform side-work and non-tipped duties, including but not limited to, cleaning tables, sweeping, cleaning soda machines, changing ice, emptying cups, rolling silverware, sweeping, putting away glassware, etc.; while Servers and Bartenders were not able to earn tips because the restaurant was closed to the public.

33. Throughout opening and closing shifts, Plaintiff and the putative class and collective members were required to perform the same "non-tipped" duties and side work as outlined in the preceding paragraphs.

34. At a minimum, Plaintiff and all other Servers and Bartenders spent more than 20% of their workweeks performing non-tipped duties and side work.

35. Plaintiff and the *Nationwide 80/20 Collective* members are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

**DEFEENDANT REQUIRES SERVERS AND BARTENDERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES PERFORMING NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT**

36. Every Drake's restaurant in the United States owned and operated by Bluegrass Hospitality, LLC, opens to the public at 11:00 a.m.

37. During all times material hereto, Defendant required Servers and Bartenders to arrive at opening shifts approximately 45 minutes before the restaurant was open to the public.

7

Case: 5:24-cv-00101-GFVT-MAS  Doc #: 1  Filed: 04/09/24  Page: 8 of 14 - Page ID#: 8

During this time, Plaintiff and other Servers and Bartenders were performing side work and preparation duties but were nevertheless compensated a sub-minimum wage even though they were not performing any tip producing duties.

38. Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

39. Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work.

40. During all times material hereto, Defendant required Servers and Bartenders to perform side work and non-tipped duties for at least 1 continuous hour at the end of closing shifts, often when Servers and Bartenders did not have any customers and the restaurant was closed to the public.

41. Plaintiff and the ***Nationwide Substantial Side Work Collective*** members are entitled to recover at least federal minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

42. Plaintiff and the putative collective members performed the same or substantially similar side work for Defendant at each of its restaurant locations in the United States, and were otherwise paid in an identical manner by Defendant.

43. During their employment, Plaintiff and one or more members of the class complained about the illegal practices above; however, Defendant took no action to stop its illegal pay practices.

44. More specifically, Plaintiff verbally complained about these practices to management on more than one occasion, and was advised that these policies are enforced at all Drake's locations.

8

45. Although Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the putative collective members in accordance with federal law.

### COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (NATIONWIDE TIP CREDIT NOTICE COLLECTIVE)

46. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 45 as though set forth fully herein.

47. Plaintiff was entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendant.

48. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Credit Notice Collective:

> **Tip Credit Notice Collective: All Servers and Bartenders who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that they would be taking a tip credit toward the required federal minimum wage.**

49. Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers and Bartenders with requisite verbal or written notice of the tip credit required under federal law.

50. Defendant utilizes a company handbook that it provides to Servers and Bartenders but this handbook fails to provide any mention of the required federal tip credit notice.

51. Plaintiff and the putative collective of Servers and Bartenders are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

52. Defendant knew Plaintiff had performed work but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

9

53. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

54. Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, LAUREN BOYER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, BLUEGRASS HOSPITALITY GROUP, LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

### COUNT II - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (NATIONWIDE 80/20 COLLECTIVE)

55. Plaintiff hereby re-aver Paragraphs 1 through 45 as though set forth fully herein.

56. Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

57. Defendant attempted to claim a tip credit for each hour of work for Plaintiff and all other Servers and Bartenders during all times material hereto (except during training periods).

58. However, Defendant commonly required Servers and Bartenders to spend a substantial portion of their workweek performing side work and non-tipped duties.

59. Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendant attempting to claim a tip credit and requiring all Servers

and Bartenders to spend more than 20% of their workweek performing non-tipped duties and side work.

60. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover of federal minimum wages for herself and the following similarly situated 80/20 Collective:

> **80/20 Collective: All Servers and Bartenders who worked for Defendant during the previous three (3) years who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.**

61. Defendant willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

62. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

63. Defendant's willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, LAUREN BOYER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, BLUEGRASS HOSPITALITY, LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT III – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
(NATIONWIDE SUBSTANTIAL SIDE WORK COLLECTIVE)**

64. Plaintiffs re-alleges and re-avers Paragraphs 1 through 45 as though fully set forth herein.

65. Defendant attempted to claim a tip credit under federal law for each hour of work performed by Plaintiff and all other Servers and Bartenders employed at Defendant's restaurants.

66. Defendant has the same 11:00 a.m. opening time at all Drake's restaurants in the United States.

67. Defendant required Plaintiff and other Servers and Bartenders working at Drake's restaurant to arrive and begin work more than 30 minutes before the restaurant opens.

68. Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for hours worked during their employment with Defendant.

69. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Substantial Side Work Collective:

> **Substantial Side Work Collective**: **All Servers and Bartenders who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

70. Defendant violated the FLSA because it required Servers and Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties and side work during workweeks when Defendant claimed a tip credit for all hours worked.

71. Defendant required Plaintiff and all other Servers and Bartenders to spend substantial continuous time working on tip supporting work, side work and non-tipped duties and unlawfully claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

72. Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law.

73. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

74. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

WHEREFORE, Plaintiff, LAUREN BOYER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, BLUEGRASS HOSPITALITY, LLC, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LAUREN BOYER, on behalf of herself and each collective demands a trial by jury on all appropriate claims.

Dated this 9th day of April, 2024.

Respectfully Submitted,

**/s/ LAUREN E. MARLEY**
Lauren E. Marley, Esq.
KY Bar No.: 94427
MORGAN & MORGAN, P.A.
360 East 8th Avenue, Suite 411
Bowling Green, KY 42101
Ph: (270) 495-6801
E-mail: lmarley@forthepeople.com

*Local Counsel for the Plaintiffs*

C. Ryan Morgan, Esq. *(Pro Hac Vice forthcoming)*
FL Bar No.: 0015527
MORGAN & MORGAN, P.A.

13

20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
E-mail: RMorgan@forthepeople.com

Jordan Richards, Esq. *(Pro Hac Vice forthcoming)*
FL Bar No.: 108372
USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS PLLC
1800 SE 10th Ave., Suite 205
Fort Lauderdale, FL 33316
Telephone: (954) 871-0050
E-mail: jordan@jordanrichardspllc.com
michael@usaemploymentlawyers.com

***Counsel for the Plaintiff(s)***